J. L. WALLACE, master of the brig Alpharetta, plaintiff in error, *vs.* THE STATE OF GEORGIA, for the use of the Commissioners of Pilotage of Brunswick, defendant in error.

1. Sections 1543 and 1544 of the Revised Code prescribing the punishment of any master of a vessel who shall throw, or permit to be thrown from any vessel any stone, gravel or other ballast, into the waters of any bay or harbor in this State, make such an act an offense against the laws of the State, and the guilty party is to be tried and punished as in other misdemeanors.

2. The attachment provided for by section 1544, is only to secure and recover the fine to be imposed upon the conviction of the offender, and cannot be carried to judgment until after the guilty person has been tried and sentence passed, when judgment may be taken on the attachment for the amount of the fine affixed by the Judge.

Harbor. Penalty. Attachment. Before Judge SESSIONS. Glynn Superior Court. November Term, 1872.

Hamilton A. Kenrich, as chairman of the Commissioners of Pilotage for the harbor of Brunswick, made affidavit "that J. L. Wallace, the master of the brig Alpharetta, did, on September 13th, 1870, throw, or permit to be thrown, from on board the said brig Alpharetta, into the waters of the bay or harbor of the port of Brunswick a quantity of gravel or other ballast." Bond and security was given by said Kenrich in the sum of $4,000, as was usual in cases of attachment. Whereupon the following attachment was issued, to-wit:

"GEORGIA—GLYNN COUNTY:

"To all and singular the Sheriffs and Constables of said State: You are hereby commanded to attach and seize the brig Alpharetta, now in the port of Brunswick, and that you make return of this attachment, with your actings and doings entered thereon, to the Fall Term of the Superior Court of said county, to which Court this attachment is hereby made returnable. Herein fail not.

"Witness my hand and seal this the fifteenth day of September, 1870.

"A. G. OsGOOD, Notary Public."

The attachment was levied and returned as directed.

The case was submitted to a jury, who found the defendant "guilty." Evidence to sustain the facts stated in the affidavit, upon which these proceedings were based, was introduced, but unnecessary here to be set forth.

The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the verdict is contrary to the law and the evidence.

2d. Because the Court erred in its ruling, in holding the suit properly brought in the name of Hamilton A. Kenrich.

The motion was overruled and a new trial refused.

The defendant moved that the judgment of the Court be arrested upon the following grounds, to-wit: 1st. Because

the attachment was not sued out in the name of the State of Georgia, as required by law.   2d.  Because the verdict was a nullity, the Superior Court of Glynn county not having jurisdiction in the premises, the same having been conferred upon and being confined to the city of Brunswick.

The motion in arrest was overruled by the Court, and judgment entered against the defendant for $500, in the nature of a penalty.

The defendant excepts to the aforesaid rulings of the Court and assigns the same as error.

HARRIS & WILLIAMS, represented by S. B. SPENCER, for plaintiff in error.

S. C. DEBROHL; S. D. McCONNELL, for defendant.

McCAY, Judge.

We have examined closely and considered carefully the two sections of the Code upon which this proceeding is founded, and, whilst there is some uncertainty as to the true meaning, we are yet satisfied that the proceedings disclosed by this record cannot be sustained.   See the Code, sections·1543, 1544.   There is not a particle of evidence in the record as to who was the master of this vessel, and there is, in the record, the singular verdict of a jury, in an *attachment* case, that the defendant is guilty, whilst the amount of the finding is fixed by the Judge.   It may also be remarked that, though the jury has found the defendant guilty, there is not a particle of evidence that he ever was an officer of, or had control of the offending ship, or, ·indeed, ever saw it, or the city. of Brunswick.

We think, taking both these sections of the Code together, that the throwing of stones, gravel, ballast, and the like, into the harbor of Brunswick is a crime, a violation of the laws of the State, and that the master of a ship who does it or permits it to be done, has committed a crime.   That he is to be tried as for a misdemeanor, and if found guilty, he is to be punished

at the discretion of the Court, with a fine of not less than five hundred nor more than two thousand dollars, and may be imprisoned not exceeding three months, at the discretion of the Court.

The proceeding by attachment is only auxiliary to the other. Attachment may issue, the vessel be seized and held until the conviction, when it, the attachment, may go to a judgment for the amount of the fine as assessed by the Judge on the conviction of the offender. The sections, as we have said, are awkwardly drawn, but this is the meaning of them, as we understand the language used. There was, in our judgment, evidence sufficient proven to convict somebody, but who that somebody was, we do not know; we are not even informed by the proof who had control of the ship. But, in any event, we think this judgment wrong, for the reasons given.

Judgment reversed.